# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | **D.C. CR. NO. 2004-077** |
| Plaintiff/Respondent, | ) | |
| | ) | Ref: D.C. CV. NO. 2009-126 |
| **v.** | ) | |
| | ) | |
| | ) | |
| **BRENNEIS ALISTER NESBITT**, | ) | |
| Defendant/Petitioner. | ) | |
| ———————————————————— | ) | |

**Copies to:**

Ruth Miller, Magistrate Judge
Kim Chisolm, AUSA
Samuel H. Hall, Jr., Esq.
Brenneis A. Nesbitt, Reg. No. 50822-019, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08320

## <u>MEMORANDUM OPINION</u>

**FINCH, Senior Judge.**

Petitioner Brenneis A. Nesbitt ("Nesbitt") is before the Court on a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Also before the Court are the government's opposition thereto, and Nesbitt's reply. Where, as here, the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact, a § 2255 motion can be dismissed without a hearing. *See* Rule 8(a) of the rules Governing § 2255 Proceedings; *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

I.      **FACTS AND PROCEDURAL HISTORY**

As this opinion is written primarily for the parties, only those facts relevant to this discussion will be recited.   Nesbitt was charged in a February 26, 2004 indictment with conspiracy to violate narcotics laws, importation of controlled substances, possession with intent to distribute, the distribution of controlled substances, and using a communication facility in the commission of narcotics offenses.   The government filed a second superseding indictment which added three (3) additional counts against Nesbitt for possession with intent to distribute, and also contained sentencing allegations that named Nesbitt as an organizer and leader of a criminal activity that involved five or more participants.   A third superseding indictment was filed adding two co-defendants.   However, the charges in the third superseding indictment mirrored the second superseding indictment and the allegations naming him as an organizer were removed.

Nesbitt pled guilty following the third superseding indictment to one count of conspiracy to possess controlled substances with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, and was sentenced to 17 and a half years of imprisonment followed by 5 years supervised release.   On appeal to the Court of Appeals for the Third Circuit ("Third Circuit"), Nesbitt challenged his sentence, alleging:   (1) that the District Court failed to rule on his objection to an aggravating role enhancement in the presentence report ("PSR") and (2) that the government breached his plea agreement by requesting a higher sentence based on his role as a leader of the conspiracy.   The Third Circuit concluded that Nesbitt's arguments were without merit and

affirmed his sentence. *United States v. Nesbitt*, 281 Fed. Appx. 120, 122-23 (3d Cir. 2008).

Nesbitt filed this timely § 2255 motion alleging ineffective assistance of counsel on appeal.[1]


II.     DISCUSSION

        Prisoners in federal custody may seek to vacate, set aside or correct their sentences

pursuant to 28 U.S.C. § 2255.   As the United States Supreme Court has made clear, "the general

rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the

petitioner shows cause and prejudice.   The procedural-default rule is neither a statutory nor a

constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial

resources and to respect the law's important interest in the finality of judgments." *Massaro v.

United States*, 538 U.S. 500, 504 (2003) (internal citations omitted).   Claims of ineffective

assistance of counsel can, however, be raised for the first time in a Section 2255 motion.  *Id*. at

503-04.

        Collateral review under § 2255 is not a substitute for direct review, but it serves as a

vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a

"complete miscarriage of justice," or events that were "inconsistent with the rudimentary

---

1       The Third Circuit affirmed Nesbitt's conviction in an opinion entered on June 4, 2008 and issued its
mandate on June 26, 2008.   Thus, Nesbitt was obligated under the AEDPA's one-year statute of limitations to file
his motion within one year of the date on which the 90 day period to file a petition for *certiorari* ended.   *See* U.S.
Supr. Ct. R. 13; *United States v. Bendolph*, 409 F.3d 155 (3d Cir. 2005) (citing *Kapral v. United States*, 166 F.3d
565, 575, 577 (3d Cir. 1999) (holding that a judgment may become "final" in the context of §§ 2254 and 2255 when
"the date on which the defendant's time for filing a timely petition for *certiorari* review expires")).   Thus, Nesbitt's
petition, mailed on August 31, 2009 and docketed in this Court on September 4, 2009 is timely.

demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178 (1979); *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000); *United States v. Essiq*, 10 F.3d 968 (3d Cir. 1993). Thus, where a petitioner failed to raise a claim on direct review, § 2255 relief is available only if the petitioner establishes "cause" for the default and "prejudice" resulting from the constitutional error. *See Schlup v. Delo*, 513 U.S. 298, 338 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)).

While constitutionally ineffective assistance of counsel is cause, attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a procedural default. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Prejudice requires a showing that the alleged error "so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 U.S. at 169 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). "The *Carrier* Court, however, left open the possibility that in a truly extraordinary case, a federal habeas court might excuse a failure to establish cause and prejudice where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 338 (quoting *Murray*, 477 U.S. at 496). "Actual innocence" requires more than merely establishing the existence of reasonable doubt, but rather, a petitioner is required to show that no reasonable juror would have found him guilty. *Schlup*, 513 U.S. at 329.

### A. Applicable Legal Standards

To establish a claim of ineffective assistance of counsel, Nesbitt must demonstrate both

that his attorney's performance was deficient and that he was prejudiced by that deficiency.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). On this first *Strickland* prong, a petitioner

must show that, considering the facts of the case, his counsel's performance fell below an

objective standard of reasonableness. *Id.* at 686, 690. The Court must, therefore, review

Nesbitt's claims under the "strong presumption" that counsel's conduct falls within the "wide

range of reasonable professional assistance." *Id. at* 688.

On the second prong, Nesbitt must demonstrate that there exists a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. *Id*. at 686, 694. A reasonable probability means a probability "sufficient to

undermine confidence in the outcome." *Id*. at 694. In applying *Strickland*, "the court is not

engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally

proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally

competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir. 2002).

**B.   Section 2255 is not a vehicle to relitigate claims decided on direct appeal.**

In the instant § 2255 motion, Nesbitt argues (1) that this District Court failed to rule on

his objections to the presentence report; (2) that the U.S. Probation Office based his Presentence

Report ("PSR") on an "erroneous second superseding indictment, which contained sentencing

allegations" pertaining to him" and the sentencing judge relied upon those findings without

making factual findings of his own.

The government argues that because the Third Circuit has already ruled on these two

issues adversely to Nesbitt, he may not relitigate those issues in this collateral attack. Nesbitt

argues, on the other hand, that there are exceptions to this rule. In support thereof, he cites

*United States v. Palumbo*, 608 F.2d 529, 533 (3d Cir.1979) for the proposition that "a botched

presentation by counsel" is reason to allow relitigation collaterally. (Reply at 2.) In *Palumbo*,

the Third Circuit iterated that issues which received a full and fair consideration at trial and on

direct appeal may not be relitigated in a § 2255, but noted exceptions to this rule if any of the

following factors are met: (1) newly discovered evidence that could not reasonably have been

presented at the original trial; (2) a change in applicable law; (3) incompetent prior representation

by counsel; or (4) other circumstances indicating that an accused did not receive full and fair

consideration of his federal constitutional and statutory claims. *Id*.

On Nesbitt's two issues raised on appeal and again here, the Third Circuit noted that:

> Nesbitt's plea agreement did not contain any express promise by the government
> to not seek an enhancement for his role or to agree to a downward departure. . . .
> Thus, the government seeking an enhancement for his organizer role . . . was not
> inconsistent with the plea agreement or what Nesbitt should have reasonably
> understood. . . . [T]he government did not breach the plea agreement and that the
> District Court's sentence was reasonable.

*Nesbitt*, 281 Fed. Appx. at 122-23.

On this issue, the Court agrees with the government. *See United States v. DeRewal*, 10

F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.

1986) (holding that Section 2255 generally "may not be employed to relitigate questions which

were raised and considered on direct appeal")).

The Court does not find any of the *Palumbo* factors applicable or compelling here. First, Nesbitt does not suggest that any new evidence supports his claim, therefore, he may not avail himself of the first exception to the general rule barring the relitigation of claims reviewed on the merits on direct appeal. The second exception also does not apply to Nesbitt, because he does not allege any change in applicable law in the time between sentencing and the filing of his § 2255 motion. Nesbitt seeks to have this Court apply the third exception, that due to counsel's generally incompetent representation, he received a longer sentence than he should have and issues related to the plea agreement and sentence were not adequately presented to the appellate court. As the opinion of the Third Circuit reveals, Nesbitt's reliance on this third exception is misplaced insofar as the issues sought to be relitigated here were indeed raised by his counsel, but were decided adversely to him on direct appeal. Thus, Nesbitt may not avail himself of the fourth exception.

Moreover, although not binding authority, this Court notes the reasoning in *Damien v. United States*:

> An examination of the four "special circumstances" or "exceptions" identified in *Palumbo* reveals that none of them permits a trial judge to disregard a ruling of the appellate court, or a successor division to second-guess a predecessor division's decision, simply because the trial judge or the successor division disagrees with the earlier division's legal analysis and perceives a constitutional violation where the earlier division found none. On the contrary, each *Palumbo* exception involves a circumstance which prevented the earlier division, *through no legal error of its own,* from correctly deciding the constitutional issue. In other words, the "special circumstances" must be such that, if the original panel had been apprised of them, its decision would have been different. . . . Indeed, if we were to adopt the appellants' argument, then a judge of the Superior Court would be free to rule in 1996 that the Court of Appeals erred in 1979 when the

>            appellate court decided, on the same record, the very question which is now
>            before the Superior Court judge.   We know of no authority for such a startling
>            proposition.

725 A.2d 501 (D.C. 1999) (emphasis in original).   Thus, the Court will not consider these two

challenged issues in this collateral attack.   Even if for the sake of argument the Court were to

find a *Palumbo* exception to consider these claims in this collateral proceeding, Nesbitt would

not prevail because this Court, like the Third Circuit, finds these claims lacking in merit.

### C.   Ineffective Assistance of Counsel.

The gravamen of Nesbitt's surviving claims is ineffective assistance of counsel.   In

considering the *Strickland* factors, the Third Circuit has advised courts to consider the prejudice

prong first.   *See McCoy*, 410 F.3d at 131-32 n.6 (citing *McAleese v. Mazurkiewicz*, 1 F.3d 159,

170 (3d Cir. 1993) ("Indeed, this Court has read *Strickland* as requiring the courts to decide first

whether the assumed deficient conduct of counsel prejudiced the defendant.").   In *McAleese* the

Third Circuit noted the Supreme Court's observation that "[i]f it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be

so, that course should be followed.'" *Id.* at 171 (quoting *Strickland*, 466 U.S. at 697).

Nesbitt alleges that his Sixth Amendment right to effective assistance of counsel was

violated when his counsel failed to have the AUSA incorporate her statements into the plea prior

to his signing; failed to address the government's breach of the plea agreement at sentencing, and

argued this fact erroneously and ineffectively on appeal by withholding valid arguments and

exhibits.[2]   More specifically, Nesbitt alleges ineffective assistance of counsel because he was

promised a different sentence than he received; that his sentencing guidelines range should have

been 135 to 168 months without the leadership role enhancement.

> After considering Nesbitt's claims on appeal, the Third Circuit ruled that:
>
> The terms of Nesbitt's plea agreement were reduced to writing and executed by the parties.   In our review of the record, we observe that Nesbitt's plea agreement did not contain any express promise by the government to not seek an enhancement for his role or to agree to a downward departure.   To the contrary, the plea agreement specifically stated that the Court was not bound to the Sentencing Guidelines but would take them into account at sentencing.   The plea agreement further provided that the District Court was not limited to consideration of the facts and events provided by the parties and that there were no other agreements between Nesbitt and the government.   Thus, the government seeking an enhancement for his organizer role, which the District Court found by substantial evidence, was not inconsistent with the plea agreement or what Nesbitt should have reasonably understood.
>
> At the plea hearing, *the District Court thoroughly questioned Nesbitt about the plea agreement*. During this hearing, the government and defense counsel agreed that the realistic sentencing range was 11 years.   However, it is clear that, *at the plea colloquy, the judge explained at length that he could not tell Nesbitt the exact sentence that would be imposed at the sentencing hearing. He also explained that the maximum sentence was life with a minimum mandatory term of 10 years and that his sentence would depend on the court's consideration of the relevant sentencing factors. In light of this, Nesbitt agreed to plead guilty.*   At the sentencing hearing, the District Court fully considered the factors set forth in § 3553(a) and the pre-sentence report and determined that based on those factors a sentence of 17 and a half years, which was at the bottom of the guideline range, was appropriate.   Under these circumstances, we find that the government did not breach the plea agreement and that the District Court's sentence was reasonable.

*Nesbitt*, 281 Fed. Appx. at 122-23 (emphasis added).

---

2       This Court is not clear on exactly what "valid arguments and exhibits" Nesbitt alleges were withheld on

Having reviewed this matter, the Court finds: (1) that the plea agreement was valid; (2) that the plea colloquy indicates that Nesbitt knowingly and willingly accepted the terms of the written plea agreement; (3) that the sentencing judge advised Nesbitt during the plea colloquy that he faced a statutory maximum of life and a statutory minimum of ten years; (4) that Nesbitt's sentence of 210 months did not exceed the statutory maximum -- life; (5) that Nesbitt admitted to the factual basis of the plea; (6) that Nesbitt has not alleged actual innocence; and (7) that Nesbitt has not made a substantial showing of the denial of any constitutional right. Thus, in turning first to the prejudice prong of *Strickland*, the Court does not find that Nesbitt has demonstrated that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 686, 694. Having applied the *Strickland* test to Nesbitt's surviving claims and finding no prejudice, the Court need not proceed to an analysis the other *Strickland* prong, that is, whether counsel's performance was constitutionally inadequate in that it fell below an objective standard of reasonableness. The premises considered, the Court finds that Nesbitt is not entitled to relief.

## III. CONCLUSION

For the reasons stated, the Court will deny Nesbitt's motion pursuant to 28 U.S.C. § 2255. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). There being no

appeal.

"substantial showing" that Nesbitt's constitutional rights were violated, a certificate of appealability will not be issued.  *See United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011).   An appropriate order follows.

**E N T E R:**


/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**